STATE OF CONNECTICUT *v.* JIMMY STEVENSON
(AC 20133)

Lavery, C. J., and Flynn and Bishop, Js.

Argued September 15—officially released November 2, 2004

*Glenn W. Falk*, special public defender, with whom, on the brief, was *Barbara J. O'Brien*, special public defender, for the appellant (defendant).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *Scott J. Murphy*, state's attorney, and *Antonia Carabillo Conti*, former senior assistant state's attorney, for the appellee (state).

LAVERY, C. J. This case is before us on remand from our Supreme Court. *State* v. *Stevenson*, 269 Conn. 563, 849 A.2d 626 (2004). The defendant, Jimmy Stevenson, first appealed to this court from the judgment of conviction, rendered after a jury trial, on charges of burglary in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-102, conspiracy to commit burglary in the second degree in violation of General Statutes §§ 53a-48 and 53a-102, larceny in the fifth degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-125a, conspiracy to commit larceny in the fifth degree in violation of §§ 53a-48 and 53a-125a, burglary in the third degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-103, conspiracy to commit burglary in the third degree in violation of §§ 53a-48 and 53a-103, larceny in the second degree as an accessory in violation of General Statutes §§ 53a-8 and 53a-123, and conspiracy to commit larceny in the second degree in violation of §§ 53a-48 and 53a-123. *State* v. *Stevenson*, 70 Conn. App. 29, 30, 797 A.2d 1 (2002), rev'd, 269 Conn. 563, 849 A.2d 626 (2004).

In his first appeal, the defendant claimed that "(1) the prosecutor engaged in prosecutorial misconduct that deprived the defendant of his constitutional right to a fair trial, (2) the court improperly denied his motion to suppress his written confession[1] and (3) the court improperly violated his constitutional right against double jeopardy when it sentenced him under two conspiracy convictions arising from the same incident." Id., 30–31. In that decision, this court addressed all of the defendant's claims except the claim concerning double jeopardy. Our Supreme Court granted the state's peti-

[1] This court concluded that the trial court properly denied the defendant's motion to suppress his confession. *State* v. *Stevenson*, supra, 70 Conn. App. 45–54. The defendant did not petition the Supreme Court for certification to appeal on that issue. Therefore, it is not a subject of this opinion.

tion for certification to appeal, limited to the issue: "Did the Appellate Court properly conclude that the state's cross-examination of the defendant and final argument deprived the defendant of a fair trial?" *State* v. *Stevenson*, 261 Conn. 918, 918, 806 A.2d 1057 (2002). Our Supreme Court ultimately concluded that this court improperly reversed the judgment on the ground that there had been prosecutorial misconduct. *State* v. *Stevenson*, supra, 269 Conn. 563. The judgment of this court was reversed and the case remanded with direction to consider the defendant's remaining claim on appeal. Id., 598. At the direction of our Supreme Court, we now decide the issue of whether the defendant's conviction of four separate conspiracies violated the constitutional prohibition against double jeopardy. We affirm in part the judgment of the trial court, but reverse it as to the sentences for multiple conspiracies.

The defendant was convicted of conspiracy to commit burglary in the second degree and conspiracy to commit larceny in the fifth degree in connection with a burglary at 475 Myrtle Street in New Britain on October 22, 1998. He also was convicted of conspiracy to commit burglary in the third degree and conspiracy to commit larceny in the second degree for a burglary at 200 Smith Street in New Britain on October 23, 1998. The defendant claims on appeal that the same location, date, parties and acts constituted the underlying facts for the conviction of the two conspiracy counts relating to the Myrtle Street incident. He makes the same argument in regard to the conviction of the two conspiracy counts relating to the Smith Street incident. He alleges a violation of the double jeopardy clause of the fifth amendment to the United States constitution[2] and arti-

_____

[2] The fifth amendment to the United States constitution provides in relevant part: "[N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . ." That constitutional provision is applicable to the states through the due process clause of the fourteenth amendment to the United States constitution.

cle first, § 8, of the Connecticut constitution.[3] The defendant maintains that a double jeopardy violation clearly exists in light of the holding in *State* v. *Ortiz*, 252 Conn. 533, 559–60, 747 A.2d 487 (2000). In *Ortiz*, our Supreme Court concluded that conspiracy convictions for the same incident must be combined and the defendant sentenced for only one conspiracy. Id. Therefore, he should have been convicted of two conspiracies only, one conspiracy count for each of the two incidents.

The state concedes that the defendant's conviction of four counts of conspiracy resulting in four sentences arose out of only two incidents and violated the defendant's rights under the double jeopardy clause. The defendant and the state also agree as to the remedy for that constitutional violation. We concur with the arguments of both parties.

The judgment is reversed only as to the conviction of the four conspiracy counts, and the case is remanded with direction to combine the conviction on the two conspiracy counts relating to the Myrtle Street burglary, to combine the conviction on the two conspiracy counts relating to the Smith Street burglary and to vacate the lesser sentence in each of the merged convictions.[4] The judgment is affirmed in all other respects.

In this opinion the other judges concurred.

[3] "Although the Connecticut constitution does not contain a specific provision regarding double jeopardy, the common law rule against double jeopardy has been adopted as necessary to the due process guaranteed by article first, § 8." *State* v. *Howard*, 221 Conn. 447, 461 n.11, 604 A.2d 1294 (1992).

[4] In *State* v. *Howard*, 221 Conn. 447, 462–63, 604 A.2d 1294 (1992), our Supreme Court determined that this is the appropriate order of remand when a defendant has been convicted of multiple conspiracies for the same incident. The court favored that type of rescript because in the event that the remaining conviction was later invalidated for a reason not affecting the merged conviction, the conviction would be resuscitated and the defendant sentenced for it. See id., 463.